FILED

JAN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAWTIS DONALD RHODEN,

Plaintiff - Appellant,

v.

STEPHEN W. MAYBERG, Director of
the California Department of Mental
Health; et al.,

Defendants - Appellees.

No. 09-15420

D.C. No. 1:08-CV-00100-LJO-
DLB

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LSS/Research

Lawtis Donald Rhoden appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the defendants have impermissibly detained him pending proceedings to determine whether he should be civilly committed under California's Sexually Violent Predator Act ("SVPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal under 28 U.S.C. § 1915(e). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, vacate in part, and remand.

The district court properly dismissed Rhoden's claims for declaratory and injunctive relief so as not to interfere with ongoing state proceedings. *See Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (en banc). These state civil commitment proceedings are judicial in nature, implicate important state interests, and afford Rhoden an adequate opportunity to litigate his federal claims. *See id*. (outlining circumstances under which abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate).

However, Rhoden's claims for money damages should have been stayed until the state court proceedings are completed. *See id*. at 981 ("[W]hen damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from exercising jurisdiction temporarily by staying its hand until such time as the state proceeding is no longer pending." (italics omitted)). *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), does not require otherwise because Rhoden has not been civilly committed. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (recognizing that *Heck* applies only when there exists "a conviction or sentence that has *not* been . . . invalidated," and explaining that it is common practice for district courts to stay civil actions while related criminal charges are pending) (emphasis and alteration in original); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying *Heck* to civil commitment under the SVPA).

Accordingly, we vacate the district court's judgment and remand for entry of an order staying Rhoden's action for damages until the state proceedings are no longer pending. We affirm the dismissal of Rhoden's claims for declaratory and injunctive relief.

Rhoden's remaining contentions are unpersuasive.

Rhoden shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**